# United States District Court
## WESTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA

v.

**DAMON DUPREE BROWN**

**ORDER OF DETENTION PENDING REVOCATION HEARING**

Case Number: **1:01-CR-133**

In accordance with the Bail Reform Act, 18 U.S.C.§3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending revocation hearing in this case.

## Part I – Findings of Fact

- [ ] (1) The defendant is charged with an offense described in 18 U.S.C. §3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is
  - [ ] a crime of violence as defined in 18 U.S.C.§3156(a)(4).
  - [ ] an offense for which the maximum sentence is life imprisonment or death.
  - [ ] an offense for which the maximum term of imprisonment of ten years or more is prescribed in _____
  - [ ] a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C.§3142(f)(1)(A)-(C), or comparable state or local offenses.
- [ ] (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- [ ] (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).
- [ ] (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternate Findings (A)

- [ ] (1) There is probable cause to believe that the defendant has committed an offense
  - [ ] for which a maximum term of imprisonment of ten years or more is prescribed in _____
  - [ ] under 18 U.S.C.§924(c).
- [ ] (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternate Findings (B)

- [x] (1) There is a serious risk that the defendant will not appear.
- [x] (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

Defendant is employed as a maintenance worker at two locations and is a lifelong resident of the district.

On October 19, 2010, a prior violation hearing was held before the court when defendant pled guilty to consuming alcohol and associating with a felon. Supervision was continued but one of the special conditions was that he have no cellular telephones. On August 17, 2012, the probation officer (continued on attachment)

## Part II – Written Statement of Reasons for Detention

I find that the defendant has failed to show by clear and convincing evidence that there are conditions that would assure the safety of the community from further drug transactions by the defendant in light of the fact that, even while on supervised release, defendant was ignoring the prohibition against using cell phones, and was using them in regard to the distribution of marijuana. This represents a danger to the community that would not be forestalled by simply putting him back out on the streets again.

## Part III – Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: December 12, 2012

/s/ Hugh W. Brenneman, Jr.

*Signature of Judicial Officer*

Hugh W. Brenneman, Jr., United States Magistrate Judge

*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. §801 *et seq.* ); (b) Controlled Substances Import and Export Act (21 U.S.C. §951 *et seq.* ); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. §955a).

United States v. DAMON DUPREE BROWN
1:01-CR-133
**ORDER OF DETENTION PENDING REVOCATION HEARING**
Page 2.

**Alternate Findings (B) -** (continued)

found two such phones under the cushion of the passenger seat of his car. Defendant maintained these phones were owned by his wife, but admitted that he had used them and that they might have fallen underneath the front passenger seat by mistake. The phones were confiscated.

The government also introduced proof that someone living at defendant's address had purchased a phone in August 2012 in the name of Donald Duck.

A third phone was found in defendant's possession on October 30, 2012, which defendant admitted belonged to him. Forensic reports from the Michigan State Police show that the phone was used to facilitate marijuana sales.